29318-JGL

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| AS CORP INC., EMILIJAN ASENTIC )<br>on behalf of themselves and those )<br>similarly situated and derivatively on )<br>behalf of COMPASS SPECIALTY )<br>INSURANCE RISK RETENTION GROUP, INC. )<br>)<br>Plaintiffs, )<br>v. )<br>)<br>MGR EXPRESS INC., COMPASS FUEL INC. )<br>COMPASS INSURANCE GROUP INC.; et al., )<br>)<br>Defendants. ) | Case No. 1:20-cv-06233 |

## MOTION TO DISMISS COMPLAINT

NOW COME "Compass-related" Defendants[1], by and through their attorneys O'HAGAN MEYER, LLC, and for their Motion to Dismiss Plaintiffs' Complaint pursuant to F.R.C.P. Rule 12(b)(5) for Failure to Comply with F.R.C.P. Rule 4, state as follows:

## INTRODUCTION

Plaintiffs filed the subject Complaint on October 20, 2020 but failed to diligently attempt service of process upon any of the Defendants for over ninety (90) days. This is despite the fact Plaintiffs are pursuing a nearly identical State Court Second Amended Complaint in a 2019 State Court Action, in which action a large number of the Compass-related Defendants had originally

---

[1] "Compass-related" Defendants are: Compass Fuel Inc, Compass Insurance Group, Inc., Compass Lease LLC, Compass Management, Inc., Compass Funding Solutions LLC, Compass Holding LLC, Compass Equipment Finance LLC, Compass Auto Lease LLC, Compass Truck Sales LC, Compass Insurance Company, Compass Real Estate Holding LLC, Willowbrook 2012, LLC, Compass Truck Rental and Leasing LLC, Compass Payment Services LLC, Compass Specialty Insurance Risk Retention Group, Inc., Wolf Ventures, LLC, Compass Financial Holding Group, LLC, Compass Capital Management Group LLC, St. Pete 2016, LLC, Compass Logistics Holding LLC, Compass Logistics, LLC, Smartboard, LLC, Compass United Soccer Club, LLC, Compass Arena LLC, International Trucking Association, LLC, Compass Management LLC, Radovan "Roy" Dobrasinovic, Ana Aleksandrovska, Arnold Curtis, Angelia Demkovic, Daliborka Savovic, Arleesia McDonald, Vladimir Kostik, Jelena Dobrasinovic, and Thomas Milowski.

29318-JGL

appeared and continue to defend through State Court counsel. Presently all the Compass-related Defendants in this action have also been named in the State Court Action. In fact, at least seven (7) of the ten (10) Counts have already been dismissed by the State Court, *with prejudice.*

This instant Complaint is a forum-shopped, 481-paragraph, 10-count diatribe pleading containing unsupported non-party hearsay opinions and wholly irrelevant subjective conclusions made about relationships Plaintiffs assert against in excess of 70 corporate and individual defendants. The majority of Defendants named in this matter have had absolutely nothing to do with Plaintiffs but have been included by Plaintiff merely because there may be some business/family/employment relationship status between different Defendants. The instant Complaint is therefore an obvious harassment suit against these Defendants.

Further, despite having had direct contact with many Compass-related Defendants through State Court defense counsel during the entire year of 2020, Plaintiff did not diligently formally attempt to obtain either service or waiver of service since last October. Nor did Plaintiffs' counsel even identify any evidence of such attempts in his presently outstanding combined Motion for extension of time for service that is on this Court's docket. Plaintiffs' litigation tactics are unscrupulous, intentionally misleading, dilatory, and an obvious pattern of intentional delays.

Plaintiffs' instant Complaint is in essence a fourth bite of the same apple regarding underlying claims against many of the material Defendants. Despite having filed this monstrosity of a pleading on October 20, 2020, Plaintiff's attorney made no attempt of service of process until after 90 days from the original filing, and only after he had waited over eighty (80) days before filing a combined Motion for class certification (with ex-parte briefing order) and extension of time to serve. Plaintiffs' counsel has provided this Court absolutely no specifics regarding any diligent attempts to previously serve the Complaint because it is clear he intentionally had not

29318-JGL

sought to either serve or formally seek waiver prior to filing his class action motion. Plaintiffs' counsel even waited an additional four days after receiving notice of a motion briefing schedule (i.e. waited until the 91st day after filing the Complaint) before sending 34 consecutive emails to the Compass-related Defendants. This delay is conspicuously intentional, just as it was intentional Plaintiffs' counsel had filed the 2019 State Court civil action with a concurrent motion for an ex parte TRO while delaying notice to any Defendant, demonstrating Plaintiffs' counsel's propensity to file pleadings without timely and diligently providing reasonable notice to opponents.

Within the context of this F.R.C.P. Rule 12(b)(5) Motion, the Compass-related Defendants do not reject proceeding with valid and proper Rule 4 notice, request and acceptance/waiver of service of process. However, the Compass-related Defendants emphasize Plaintiffs' Complaint should be dismissed in accordance with the Rules and refiled with Plaintiffs' counsel properly seeking waiver of service of process to afford the valid timeframe afforded litigants under Rule 4.

Plaintiffs' actions in this instant Action do not establish diligence or pleadings that are reasonable or advanced in good faith. Defendants therefore seek relief from this Court to dismiss Plaintiff's Complaint pursuant to Rule 12(b)(5) for Plaintiffs' failure to timely serve the summonses under Rule 4(m) by failing to properly either seek Rule 4(d) service waiver or proceed with service of summonses. Alternatively, Defendants seek this Court to quash all of Plaintiff's summonses and compel new summonses be issued for the Defendants to reasonably respond to valid formal requests for Rule 4(d) waivers. Defendants additionally seek this Court to strike and/or stay any and all other pending proceedings, including Plaintiff's attempt to seek a class certification, until proper service of process and corresponding lawfully entitled periods for responsive pleadings are ensured.

29318-JGL

## **PLAINTIFF LITIGATION HISTORY RELATING TO LACK OF GOOD CAUSE**

*State Court Litigation*:

On December 16, 2019, Plaintiff filed a 257 paragraph, 11-Count Cook County State Court Action styled *People of the State of Illinois, ex. rel., AS Corp, Inc., AS Corp, Inc., and Emilijan Asentic versus Dobrasinovic, Compass, et als* (9 total defendants inclusive of Defendants herein) (See Ex. A). The Counts asserted were: I. Breach of Fiduciary Duty; II. Accounting (including Injunctive Relief); III. Illinois Uniformed Deceptive Trade Practices Act (including Injunctive Relief); IV. Illinois Consumer Fraud Act ("ICFA") (including Injunctive Relief); V. Securities Act of 1934; VI. Illinois Interest Act; VII. Appointment of Receiver; VIII. Illinois Collection Agency Act (including Injunctive Relief); IX. RICO 1962(b) and 1964(c); X. RICO 1962(c) and 1964(c); and XI. RICO 1962(d) and 1964(c). On December 17, 2019, upon Plaintiff seeking an ex parte motion for TRO (the beginning of Plaintiff's tactic of seeking court rulings without proper service and notice to Defendants) Judge Demacopoulos denied Plaintiff's ex parte motion for TRO. (See Ex. B). Plaintiff filed a Notice of Appeal the same day, seeking an expedited briefing in Appellate Court, which expedited appeal was denied by Illinois Appellate Court on December 31, 2019. (See Ex. C). On January 6, 2020, only then did Plaintiff obtain summonses to serve his Complaint. (See Ex. D). On January 23, 2020, Judge Demacopoulos denied Plaintiff's Motion to Vacate her December 17, 2019 Order and provided a briefing schedule for Defendants' Motion to Dismiss, with a Clerk's Status date of March 18, 2020. (Ex. E). On February 14, 2020, Plaintiff served Defendants a Motion to Reconsider Judge Demacopoulos' denial of Motion to Vacate and on February 18, 2020, Plaintiff filed a Motion for Preliminary Injunction Relief and Appointment of Receiver. On July 28, 2020, after briefing and hearing on Defendants' Motion to Dismiss, Plaintiffs' voluntarily dismissal of Count V was acknowledged, and Judge Demacopoulos

29318-JGL

dismissed Counts I and II *without prejudice* with leave to replead, and dismissed Counts III, IV, VI, VII, VIII, IX, X and XI *with prejudice*. (See Ex. F). Judge Demacopoulos additionally denied Plaintiff's Motion to Reconsider and denied Plaintiff's request for Rule 304(a) final judgment findings. (See Ex. G). Plaintiff was given to September 18, 2020 to replead and was later granted an additional extension of time to September 25, 2020 to replead, at which time Plaintiff filed his First Amended Complaint. (See Ex. H and Ex. I). Plaintiffs' First Amended Complaint maintained the same original Compass Defendants, and was a 2-Count, 198 paragraph Complaint asserting: I. Breach of Fiduciary Duty and II. Accounting and Preliminary Injunctive Relief (repleading the only two counts dismissed without prejudice). On November 5, 2020, a Briefing Order was entered on Defendants Motion to Dismiss the First Amended Complaint, providing Plaintiff to December 3, 2020 to respond. Instead, Plaintiff was granted leave on December 4, 2020, to file a Second Amended Complaint on or before December 22, 2020. (See Ex J). There was no authority sought nor mention of Plaintiff obtaining any leave to add new Defendants or assert any claims other than repleading the two counts Judge Demacopoulos had previously dismissed without prejudice. At no time prior to December 22, 2020, is there record Plaintiffs notified Defendants a Federal Court Civil Action had been filed on October 20, 2020. On December 22, 2020, Plaintiff filed his Second Amended Complaint (See Ex. K), which contains the same in excess of 70 defendants named in this instant action, 483 allegation paragraphs, and 10 Counts: I. RICO 1962(c); II. RICO 1962(b); III. RICO 1962(d); IV. Declaratory – Alter Ego / Pierce Corporate Veils; V. Declaratory –Investment Advisors Act 1940, 215; VI. Fraudulent Concealment; VII. Illinois Collection Agency Act; VIII. Illinois Consumer Fraud Act; IX. Accounting; and X. Breach of Fiduciary Duty. The Second Amended Complaint contained four (4) Counts Judge Demacopoulos previously dismissed *with prejudice*. The Second Amended Complaint is nearly

29318-JGL

identical (saving only Count VI.) to the instant Federal Court Complaint discussed below. There was no notification of nor attempt to serve the Second Amended Complaint to any of the substantially newly named defendants between December 22, 2020 and January 19, 2021.

*Federal Court Litigation*:

On October 20, 2020, while in the midst of having had his original State Court Complaint dismissed and under leave to replead the portions that were dismissed by Judge Demacopoulos *without prejudice*, Plaintiff filed the instant Federal Civil Action Complaint. (See Ex. L). This Complaint contains 481 allegation paragraphs and 10 Counts: I. RICO 1962(c); II. RICO 1962(b); III. RICO 1962(d); IV. Declaratory – Alter Ego / Pierce Corporate Veils; V. Declaratory – Investment Advisors Act 1940, 215; VI. 1934 Securities Exchange Act (10b-5 and 29(b)); VII. Illinois Collection Agency Act; VIII. Illinois Consumer Fraud Act; IX. Accounting; and X. Breach of Fiduciary Duty. A comparison establishes that the Federal Court Complaint filed by Plaintiffs on October 20, 2020, is identical to the Second Amended Complaint filed in State Court two months later (excepting only Count VI.). For the entire two-month period between October 20, 2020, and December 22, 2020, there is no record Plaintiffs' attorney notified Defendants or their counsel, nor any of the newly named Defendants of the existence of these identical complaints. There is no record any inquiry was made regarding service of the Federal Court Complaint.

## STANDARD

A Rule 12(b)(5) motion to dismiss is based on an insufficient service of process. FRCP Rule 4(m) requires service of process within 90 after the complaint is filed. If service of process is not made within the 90 days, Rule 4(m) requires the complaint either be dismissed without prejudice or order a specific time within which service is to be made. Only if the plaintiff establishes good cause for the untimely service must the court extend the time for service. FRCP

29318-JGL

Rule 4(d) provides that service of process may be waived, provided the proper procedure for request of waiver is followed. This would require reasonable attempts to obtain Rule 4(d) waivers within the time required for service of process. Rule 4(d)(1) permits a plaintiff to notify a defendant about the action and request waiver but the notice and request must:

> "(A) be in writing and be addressed: (i) to the individual defendant; or (ii) for a defendant subject to service under Rule 4(h), to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process;
> (B) name the court where the complaint was filed;
> (C) be accompanied by a copy of the complaint, 2 copies of the waiver form appended to this Rule 4, and a prepaid means for returning the form;
> (D) inform the defendant, using the form appended to this Rule 4, of the consequences of waiving and not waiving service;
> (E) state the date when the request is sent;
> (F) give the defendant a reasonable time of at least 30 days after the request was sent--or at least 60 days if sent to the defendant outside any judicial district of the United States-- to return the waiver; and
> (G) be sent by first-class mail or other reliable means."

There is nothing in Rule 4 that permits these "must" conditions to be waived or overlooked, and the Compass-related Defendants do not waive these conditions. If a plaintiff seeks such a waiver for service of process instead of serving in the conventional manner, he must follow the Rules.

When there is a Rule 12(b)(5) Motion to Dismiss sought, the Court has discretion to dismiss or quash improper service and provide time to properly serve (see *Koss Corp. v. Pilot Air Freight Corp., 242 F.R.D. 514 (2007)*). Good cause is reviewed in the Court's decision. Compass-related Defendants assert that, given Plaintiff is already involved in State Court litigation with many of them, and in fact filed a State Court Second Amended Complaint that is identical to the complaint in this instant action, there is no known good cause Plaintiff failed to timely serve or provide notice and request to waive service in this matter.

29318-JGL

# ARGUMENT

*Plaintiffs' Email of Purported Notice and Request for Waiver is Insufficient Timely Service*

The Compass-related Defendants attach hereto thirty-four (34) emails to the Compass-related Defendants, all dated January 19, 2021, purporting to claim the email and attachments are Rule 4 requests for waiver of service. (See Ex. M). The Compass-related Defendants received the identical email within one hour of each other on January 19, 2021 and they make no reference to any other form of service having been made or discussed prior to these emails. There is no reference the attached Request for Waiver had been sent to the Defendants by first-class mail or other reliable means as required by the Rule. There is no prepaid means provided by which they could have returned the purported notice and request for waiver.

Further, given Plaintiffs had not previously attempted service prior to proceeding with filing motions, and given Plaintiffs knew they had filed a motion for class certification (see Ex. N) with a briefing schedule and hearing noticed to occur prior to the time allotted to any defendant willing to agree to a Rule 4 waiver, Plaintiffs' email delivery five (5) days after filing the motion (and four (4) days after receiving a minute order of briefing schedule and hearing dates) in no manner afforded the Compass-related Defendants their Rule 4(d)(1)(F) thirty (30) day reasonable time to consider waiving service and exercising their rights. There is nothing in Plaintiffs' actions that demonstrate diligence in seeking service of process.

*Established Pattern of Litigation Conduct Does Not Establish Good Faith/Reasonable Efforts*

Additionally, the Compass-related Defendants assert Plaintiffs' litigation record establishes a lack of good faith in providing reasonable and timely notice of legitimate pleadings. In the original 2019 State Court action, Plaintiff filed a complaint and immediately sought ex parte TRO rulings against the Defendants prior to properly serving any of the original Defendants.

29318-JGL

Following the State Court's denial of the ex parte motion, and still prior to serving the State Court Complaint, Plaintiff immediately filed a notice of appeal and sought an expedited appeal on the ruling. Only after Plaintiff did not obtain his desired rulings (denial of a TRO and then an Appellate Court denial of relief reversing the State Court ruling) did Plaintiffs then seek to obtain summonses and formally serve the originally named Defendants.

Plaintiffs' delaying conduct in this present action is quite the same as in the past. Plaintiffs filed the instant Complaint on October 20, 2020. Plaintiffs however failed to actively seek service or waiver of service on this Complaint, while instead filing the nearly identical complaint two months later as a Second Amended Complaint in the State Court on December 22, 2020. Plaintiffs were clearly aware Defendants had State Court counsel, but did not inform such counsel of the apparently concurrent identical Federal Complaint. Interestingly, Plaintiff did not file a motion for certification of class in the State Court Action, but instead filed in this instant action which Plaintiffs knew Defendants were not aware. Plaintiff waited nearly ninety (90) days without attempting service to instead ultimately file a Motion for Class Certification, while at the same time seeking an indefinite extension of time to serve Defendants.

Plaintiffs slyly represent in the present outstanding combined Motion that "[o]n January 8, 2021, counsel for Plaintiff informed counsel for Defendants that Plaintiffs have filed a complaint …." Intentionally omitting relevant details in this cryptic representation, Plaintiffs' counsel fails to state why he did not "inform" Defendants' counsel about the filed Complaint at any time between October 20, 2020 and January 8, 2021 (80 days after filing), fails to state *how* he purportedly informed State Court counsel, fails to state whether he informed State Court counsel that there were any other pleadings filed or contemplated (such as the combined Motion for class certification or extension of time to serve), fails to state whether he had made direct inquiries

29318-JGL

regarding service or waiver of service of process, and produces no evidence or correspondence of the same to this Court in support of his outstanding combined Motion. Plaintiffs' counsel's combined Motion essentially admits he had never actually approached State Court defense counsel or the State Court action Defendants themselves at any time between October 20, 2020 and January 19, 2021 regarding service of process. The Motion only states "as of January 13, 2021 Plaintiffs *have attempted to make inquiries* for waiver of service," but fails to identify exactly what is meant by "attempted to make inquiries." No one "attempts to make inquiries" … they either do make them or they do not. Plaintiffs' history of litigation and disingenuous pleadings demonstrate a lack of diligence and fundamental fairness to litigants.

## CONCLUSION

Plaintiffs failed to timely provide service of process under Rule 4. Plaintiffs' current combined Motion pleading representing an *attempt to make inquiries* on waiver of service is hollow, given Plaintiffs' concurrent direct State Court Action contact with many of the Defendants. Plaintiffs' actions to date should be deemed disingenuous. Under these circumstances, Plaintiffs' Complaint should be dismissed pursuant to F.R.C.P. Rule 12(b)(5). However, the Compass-related Defendants do not reject considering a Rule 4 waiver of service of process, but merely demand to be afforded the benefits Rule 4 bestows, permitting this Court to alternatively reasonably extend the time for valid service of process, while staying any other actions.

        Respectfully submitted,

        O'HAGAN MEYER, LLC

John G. Lamb, Esq.
O'Hagan Meyer, LLC
One E. Wacker Dr., Ste. 3400
Chicago, IL 60601
(312) 422-6100
(312) 422-6110 (fax)
jlamb@ohaganmeyer.com

        */s/ John G. Lamb*
        One of the Attorneys for the Compass-Related Defendants

29318-JGL

## CERTIFICATE OF SERVICE

This is to certify that on this 12th day of February, 2021, I electronically filed **MOTION TO DISMISS**, with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

/s/ John G. Lamb

## SERVICE LIST

Ankur Shah
Shah Legal Representation
333 South Wabash Ave., Suite 2700
Chicago, IL 60604
ashah@shahlegalgroup.com
*Counsel for Plaintiff*