IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| AS CORP, INC., et.al., <br><br> Plaintiffs, <br><br> v. <br><br> MGR EXPRESS INC., et.al. <br><br> Defendants. | Case No. 2020-cv-6233 |

**MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT WITH PREJUDICE PURSUANT TO FED R CIV. PROC. 12(b)(5) and 41(b)**

The Subject Defendants[1] by and through their attorneys and pursuant to Federal Rules of Civil Procedure 12(b)(5) and 41(b), hereby move this Honorable Court for an Order dismissing Plaintiffs' Second Amended Complaint with prejudice due to Plaintiffs' disregard for this Court's Order and failure to serve any defendants in this matter with a summons and a copy of the complaint:

**I.     Background**

Plaintiffs commenced this action by filing a Complaint on October 20, 2020 against the Subject Defendants and a multitude of others, with an Amended Complaint (purporting to correct a scrivener's error) filed the same day. (Dkt. 1.) Plaintiffs had 90 days from the date of the

---

[1]

| | | |
|---|---|---|
| MGR FREIGHT SYSTEM INC. | RD LOGISTICS INC. | MGR EXPEDITED LLC |
| RD EXPEDITED INC. | MGR LEASE LLC | MGR TRUCK SALE INC. |
| MGR TRUCK REPAIR INC. | MGR AUTO LEASE LLC | PLAINFIELD 014 LLC |
| MGR TRUCK RENTAL LLC | MGR FINANCE LLC | MGR MANAGEMENT 015 LLC |
| MGR FREIGHT LLC | MGR 017, LLC | MGR 016, LLC |
| MGR HOLDING LLC | MGR EXPEDITED 1 LLC | NAPLES 013 LLC |
| MGR EXPRESS 1 LLC | MGR IL PROPERTIES LLC | MGR IL PROPERTIES 2 LLC |
| RD EXPRESS LLC | MGR TRANSPORTATION LLC | MGR EXPRESS LLC |
| RADOMIR DOBRASINOVIC | | |

complaint's filing to serve the Subject Defendants with summonses and copy of the complaint. Fed. R. Civ. P. 4(m). The ninetieth day was January 18, 2021 – that date came and went with no attempt by Plaintiffs to serve the Subject Defendants with process.

On February 12, 2021, Subject Defendants and other defendants in this matter filed a motion to dismiss Plaintiff's Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(5) for insufficient service of process. (Dkt. 13). On April 21, 2021, the Court granted Subject Defendants' motion to dismiss without prejudice and afforded Plaintiffs 21 days to amend their Complaint and 90 days thereafter to serve the defendants in this action. (Dkt. 29).

On May 3, the Court granted Plaintiffs' oral motion for an extension of time to amend their complaint until June 21, 2021 (Dkt. 30) and, after Plaintiffs filed their Amended Complaint, on June 23, 2021, the Court granted Plaintiffs additional time to serve the defendants until September 22, 2021. (Dkt. 35)

As of the date of this Motion, none of the Subject Defendants have been served with a copy of the summons and currently pending Complaint despite the clear requirements of Federal Rule of Civil Procedure 4(m) and this Court's Order of June 23, 2021 requiring Plaintiffs to serve defendants by September 22, 2021.

Based upon Plaintiffs' failure to follow the basic requirements of Federal Rule of Civil Procedure 4(m) and their disregard of this Court's order of June 23, 2021, Plaintiffs' Second Amended Complaint should be dismissed with prejudice as to all defendants including, but not limited to, the Subject Defendants.

## II. The Applicable Standard

Under Rule 12(b)(5), plaintiffs bear the burden of demonstrating the court's jurisdiction over the defendants through effective service. *Cardenas v. City of Chicago*, 646 F.3d 1001, 1005

(7th Cir. 2011); *Homer v. Jones-Bey*, 415 F.3d 748, 754 (7th Cir. 2005). If the Court finds plaintiffs have not met that burden and lack good cause for not perfecting service, then the court must dismiss the suit or specify a time within which the plaintiffs must serve the defendants. *Manzanales v. Krishma*, 113 F.Supp.3d 972, 975 (N.D. Ill. 2015).

In this matter, the Court has already afforded Plaintiffs additional time on multiple occasions to serve the defendants and, in disregard of the Court's order, the Subject Defendants have not been served.

### III. The Subject Defendants Should be Dismissed With Prejudice for Plaintiffs' Failure to Make Service and Failure to Adhere to Court Orders

Federal Rule of Civil Procedure 4 explicitly places responsibility on the plaintiff to properly and timely serve the defendant: "plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m)." Fed. R. Civ. P. 4(c). Service upon defendants is required within 90 days after the filing of the complaint unless an extension is granted. Fed. R. Civ. P. 4(m). The Seventh Circuit has explained that proper service is required "[f]or good reason: that's what the rule says." *Tuke v. United States*, 76 F.3d 155, 156-57 (7th Cir. 19996). Moreover, the timing requirement is to be strictly followed. "This does not mean to miss the time by a little . . . is irrelevant; the rule establishes a bright line . . . even one day's tardiness can be fatal." *Id*.

In this matter, Plaintiffs' failure extends far beyond a mere failure to serve which would ordinarily result in a dismissal without prejudice. Here, Plaintiffs have explicitly violated this Court's Order to serve defendants on or before September 22, 2021, even after having received multiple extensions from the Court. In such circumstances, dismissal with prejudice is warranted. As noted by the Court in *Funches v. IRS*, 2010 U.S. Dist. LEXIS 138273, *2 (C.D. Ill. Nov. 22,

2010) "once a plaintiff has gone beyond a failure to serve and has also failed to adhere to the orders of the court, the situation may transform itself from a simple failure to obtain service to a failure to prosecute the action. [In such circumstances] Rule 41(b) specifically grants a court authority to dismiss with prejudice. *Funches*, at *2 citing *O'Rourke Bros. Inc. v. Nesbitt Burns, Inc.*, 201 F.3d 948, 953 (7th Cir. 2000).

    Here, Plaintiffs have been afforded opportunity after opportunity to undertake the minimal effort to properly serve the defendants. Plaintiffs have failed to take the minimal steps necessary to prosecute their claim and, along the way, has flouted this Court's orders to make service within a specified time.

    It has been nearly a year since Plaintiffs' lawsuit was filed and Plaintiffs have still not even attempted to serve the defendants. In light of Plaintiffs' failure and disregard for this Court's orders, Plaintiffs' Second Amended Complaint should be dismissed with prejudice. This Court and the parties have suffered enough of Plaintiffs' foolishness and intentional disregard for the rules and this Court's rulings. The defendants have incurred substantial fees with no better idea than they did more than a year ago about the nature of any claims Plaintiffs could possess. Meanwhile, Plaintiffs' spurious accusations have been public record and, because no service has occurred, defendants have been left without a voice. This matter must now come to an end.

    WHEREFORE, for the reasons as stated herein, the Subject Defendants respectfully request this Honorable Court enter an Order dismissing Plaintiffs' Second Amended Complaint with prejudice for failure to serve and pursuant to Rule 41(b) for failure to prosecute and comply with the rules and this Court's orders.

        Respectfully submitted,

        BLITCH WESTLEY BARRETTE, S.C.

        */s/ Matthew P. Barrette*
        Attorney for the Subject Defendants

Matthew P. Barrette (Member of Trial Bar)
mbarrette@bwesq.com
Ryan A. Mahoney (Member of Trial Bar)
rmahoney@bwesq.com
Blitch Westley Barrette, S.C.
1550 Spring Road, Suite 120
Oak Brook, Illinois 60523
(312) 283-4220

## CERTIFICATE OF SERVICE

      I, Matthew P. Barrette, an attorney, hereby certify that I served this document on the parties listed herein on September 28, 2021, via the Court's electronic filing system and via electronic mail, at the address(es) listed below.

        */s/ Matthew P. Barrette*

<u>Service List</u>

Ankur Shah
Shah Legal Representation
333 South Wabash Avenue, Suite 2700
Chicago, Illinois 60604
ashah@shahlegalrep.com

John G. Lamb
O'Hagan Meyer LLC
One E. Wacker Drive, Suite 3400
Chicago, Illinois 60601
jlamb@ohaganmeyer.com

Jeffrey Michael Heftman
Gozdecki, Del Giudice, Americus, Farkus
    & Brocato LLP
One E. Wacker Drive, Suite 1700
Chicago, Illinois 60601
j.heftman@gozdel.com

Donna Urban
Flaster Greenberg PC
1810 Chapel Avenue West
Cherry Hill, New Jersey 08002
Donna.urban@flastergreenberg.com