NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| AS CORP. INC., et al. | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| v. | ) | No. 20 C 6233 |
| | ) | |
| MGR EXPRESS INC., et al., | ) | Judge Virginia M. Kendall |
| | ) | |
| *Defendants.* | ) | |
| | ) | |

# ORDER

Plaintiffs filed a Second Amended Complaint on June 21, 2021, (Dkt. 32), following dismissal of their First Amended Complaint on April 21, 2021 for failure to serve process, (Dkt. 29). Plaintiffs again failed to serve Defendants within 90 days of filing their Second Amended Complaint in accordance with Fed. R. Civ. P. 4(m). Accordingly, Defendants move to dismiss[1] pursuant to Fed. R. Civ. P. 12(b)(5) and 41(b), which allow litigants to enforce service of process requirements through pretrial motions. *See Khan v. Hemosphere Inc.*, 825 Fed. App'x 762, 768–69 (7th Cir. 2020); *Cardenas v. City of Chicago*, 646 F.3d 1001, 1004 (7th Cir. 2011). Given Plaintiffs' continued failure to serve Defendants in accordance with the Federal Rules of Civil Procedure, the Court grants Defendants' Motion to Dismiss [36] with prejudice.

Plaintiffs must demonstrate that the district court has jurisdiction over each Defendant through effective service. *See Homer v. Jones-Bey*, 415 F.3d 748, 754 (7th Cir. 2005). Courts "must dismiss" complaints when plaintiffs fail to properly serve defendants within 90 days of filing. FED. R. CIV. P. 4(m). A court may dismiss an action with prejudice "if the plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or any court order." FED. R. CIV. P. 41(b). "District courts generally have broad authority to dismiss actions for failure to prosecute, and this includes failure to comply with valid orders." *Wilson v. Bruce*, 400 Fed. App'x 106, 108 (7th Cir. 2010) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962)) (affirming dismissal for failure to prosecute); *see also Williams v. Illinois*, 737 F.3d 473, 476 (7th Cir. 2013) (affirming dismissal with prejudice where plaintiff failed to serve process for more than sixteen months, and explaining that "a court has the discretion to dismiss for want of prosecution if the plaintiff's delay in obtaining service is so long that it signifies failure to prosecute"). Courts exercise this right sparingly, dismissing cases under Rule 41 only "when there is a clear record of delay or contumacious conduct, or when other less drastic sanctions have proven unavailing." *Salata v. Weyerhaeuser Co.*, 757 F.3d 695, 699 (7th Cir. 2014) (citing *Webber v. Eye Corp.*, 721 F.2d 1067, 1069 (7th Cir. 1983)). "Although dismissal is a harsh sanction that should be imposed

---

[1] S*ee* Dkt. 43 (granting the Compass-related Defendants' and Captive Planning Associates, LLC's request to join in the MGR-related Defendants' Motion to Dismiss Plaintiffs' Second Amended Complaint).

infrequently, we recognize that the power to sanction through dismissal is essential to the district courts' ability to manage efficiently their heavy caseloads and thus protect the interests of all litigants." *Salata*, 757 F.3d at 699 (citing *Roland v. Salem Contract Carriers, Inc.*, 811 F.2d 1175, 1177–78 (7th Cir. 1987)). *See also, e.g.*, *Martin v. Noble Cnty. Sheriff's Dep't*, 2021 WL 5505407, at *2 (7th Cir. Nov. 24, 2021) (unpublished opinion affirming dismissal with prejudice where plaintiffs failed to prosecute their claims or timely request additional time to do so); *Khan v. Hemosphere*, 825 Fed. App'x at 768–69 (affirming dismissal with prejudice for want of prosecution due to the plaintiffs' insufficient and untimely service, where more than 250 days elapsed between the filing of the complaint and the dismissal); *Maldonado v. Cook Cty.*, No. 20-cv-213, 2021 WL 428828, at *4 (N.D. Ill. Feb. 8, 2021) (dismissing complaint with prejudice where plaintiff failed to serve defendants after more than a year); *Khan v. Presence St. Mary and St. Elizabeth Hosps.*, No. 20-cv-3819, 2020 WL 6750535, at *4 (N.D. Ill. Nov. 17, 2020) (dismissing complaint with prejudice for insufficient service of process).

Plaintiffs filed their first Complaint in this action on October 20, 2020. (Dkt. 1). That same day, Plaintiffs filed a First Amended Complaint purporting to correct a scrivener's error. (Dkt. 4). Under Rule 4(m), the final day that Plaintiffs had to serve Defendants was January 18, 2021. On January 14, 2021, Plaintiffs filed a combined Motion to Certify Class, Motion to Stay, and Motion to Extend Time to Serve Indefinitely. (Dkt. 7). Plaintiffs sought to extend the time to serve indefinitely due to "the voluminous number of defendants, and the geographic diversity of some of the plaintiffs (including certain defendants with legal counsel overseas)." (*Id.* at 13). On February 12, 2021, Defendants filed a Motion to Dismiss the First Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(5) for insufficient service of process. (Dkts. 12, 13). The Court granted the Motion to Dismiss without prejudice on April 21, 2021 – finding that "Plaintiffs admittedly failed to serve Defendants in accordance with the Federal Rules of Civil Procedure and . . . have failed to demonstrate good cause." (Dkt. 29 at 1). The Court afforded Plaintiffs 21 days to amend their Complaint, and 90 days thereafter to serve Defendants per the Federal Rules of Civil Procedure. (*Id.* at 4).

On May 3, 2021, the Court granted Plaintiffs' oral motion for an extension of time to amend their Complaint. (Dkt. 30 (noting that the Second Amended Complaint must be filed by June 21, 2021)). Plaintiffs ultimately filed a Second Amended Complaint on June 21, 2021. (*See generally* Dkt. 32). On June 23, 2021, the Court ordered Plaintiffs to serve Defendants by September 22, 2021. (Dkt. 35). On September 28, 2021, Defendants moved to dismiss the Second Amended Complaint due to Plaintiffs' continued failure to execute service. (Dkt. 36 at 2 ("As of the date of this Motion, none of the Subject Defendants have been served with a copy of the summons and currently pending Complaint.")); *see also* Dkt. 46 at 5 ("For the period of April 21, 2021, through October 6, 2021, Plaintiff[s] made absolutely no attempt whatsoever to contact any of the 70 Defendants he had known and identified since initiating litigation on October 20, 2020.")). At a status conference on October 6, 2021, Plaintiffs' counsel admitted that he failed to contact any of the Defendants concerning this suit – and requested an additional two to three months amend and serve the complaint. The Court rejected Plaintiffs' oral motion and directed them to fully brief the present Motion to Dismiss.

Plaintiffs' Response fails to substantively address Defendants' motion – for example by describing any efforts taken to serve the Second Amended Complaint. (Dkt. 44). It instead

2

provides a narrative of this action's procedural history and again requests additional time to amend and serve the Complaint. (*E.g.*, *id.* at 9). Plaintiffs' counsel justifies this request by vaguely pointing to his "confusion over the new service deadline from the June 23, 2021 Minute Orders."[2] Counsel's "confusion" argument lacks merit for several reasons. To begin, the last of the three Minute orders entered on June 23, 2021 is clearly marked "Corrected," indicating that it supersedes preceding orders (to the extent that they conflict at all). (*See* Dkt. 35). This "Corrected" order unambiguously sets a September 22, 2021 deadline for service of the Second Amended Complaint. (*Id.*). As such, counsel's claim that he was confused by this docket entry simply belies reason. Second, even if the minute entries *did* tend to confuse, counsel had *three months* to request clarification from the Court. However, at no point did Plaintiffs' counsel seek such guidance. Finally, the Federal Rules of Civil Procedure plainly state that plaintiffs have 90 days to execute service after filing a complaint. *See* FED. R. CIV. P. 4(c)(1), 4(m). This 90-day deadline was also highlighted in the Court's order of dismissal as to the First Amended Complaint. (Dkt. 29 at 3 ("The Court grants Plaintiffs leave to amend their Complaint within 21 days and properly serve the Defendants in accordance with the Federal Rules of Civil Procedure within 90 days after the filing of the Second Amended Complaint."), 4 (reiterating same directive to serve Defendants within 90 days after filing an amended complaint)). If Plaintiffs' counsel truly was unsure about service requirements in this case, the prudent course of action would have been to calculate the relevant date under Rule 4. Careful deadline management was especially important at this juncture since a prior complaint in this very action was dismissed for failure of service. In any case, counsel's dilatory conduct spanning several months cannot be excused by purported confusion over a most basic Federal Rule, especially where counsel apparently did nothing to assuage that confusion. *See, e.g.*, *In Re: Bridgestone/Firestone, Inc., Tires Prod. Liab. Litig.*, 124 Fed. App'x 452, 457 (7th Cir. 2005) (citing *Easley v. Kirmsee*, 382 F.3d 693, 698 (7th Cir. 2004)) (affirming dismissal and noting that "attorney inattentiveness is not excusable, no matter what the resulting consequences . . . may have on a litigant").

Plaintiffs also request additional time to amend and serve a new complaint because the Court "reliev[ed] all [Defendants] from any obligation to respond to the [Plaintiffs'] January 14, 2021 [Motion to Certify Class, Motion to Stay, and Motion to Extend Time to Serve Indefinitely]." (Dkt. 44 at 8; *see also* Dkt. 7). The Court struck this motion upon dismissal of the First Amended Complaint because it was filed before Plaintiffs made any attempt at serving Defendants. (Dkt. 29 at 3). Plaintiffs were explicitly permitted to refile the motion "once it is properly before the Court." (*Id.*). Plaintiffs utterly fail to connect this event to their failure to serve process or explain how it relates to the Defendants' Motion to Dismiss – nor could they. This argument is therefore dismissed.

Per the Seventh Circuit, "[i]f the delay [in obtaining service] has been so long that it signifies failure to prosecute – or if the delay entails disobedience to an order of the court – then dismissal may be with prejudice under Rule 41(b)." *O'Rourke Bros. Inc. v. Nesbitt Burns, Inc.*, 201 F.3d 948, 953 (7th Cir. 2000) (citing *Powell v. Starwalt*, 866 F.2d 964, 966 (7th Cir. 1989));

---

[2] The Court issued three Minute orders on June 23, 2021. (Dkts. 33–35). The first Minute order directed Defendants to answer the Second Amended Complaint by October 6, 2021. (Dkt. 33). The second order – labeled "Minute entry (**Corrected**)" – instructed Defendants to answer the Second Amended Complaint by September 22, 2021. (Dkt. 34 (emphasis added)). The third and final Minute order – also labeled "Minute entry (**Corrected**)" – stated that "Plaintiffs shall serve Defendants with Amended Complaint by 9/22/2021." (Dkt. 35 (emphasis added)).

*see also Williams*, 737 F.3d at 476. Furthermore, "when a court has 'been indulgent and has allowed the plaintiff time beyond the [90] days [set forth in Rule 4(m)], a dismissal with prejudice would not be unfair to the plaintiff." *O'Rourke*, 201 F.3d at 953 (citing 4A Federal Practice and Procedure: Civil 2d § 1137). Here, Plaintiffs have continuously neglected to prosecute this action despite the Court's (1) numerous extensions of time to do so, (2) dismissal of their previous complaint, and (3) order to effectuate service by September 22, 2021. Plaintiffs instead allowed their case to languish for nearly a full year without having served a single defendant – and without having so much as *contacted* any of the Defendants after filing the Second Amended Complaint. (*E.g.*, Dkt. 47 at 5 ("For the period of April 21, 2021, through October 6, 2021, **Plaintiff made absolutely no attempt whatsoever to contact any of the 70 Defendants** he had known and identified since initiating litigation on October 20, 2020." (emphasis added)), 6 (explaining that Plaintiffs failed to "serve or even contact any Defendants in excess of 150 days since the original complaint dismissal" and arguing that Plaintiffs fail to justify their "failures to even contact any known Defendant regarding valid Rule 4 service of process")). Plaintiffs also fail to excuse this derogation of their basic duty to serve process.

Here, there is a "clear record of delay or contumacious conduct." *Salata*, 757 F.3d at 699. In light of Plaintiffs' prolonged failure to prosecute their case, Defendants' motion to dismiss [36] is granted with prejudice.

_____
Virginia M. Kendall
United States District Judge

Date: December 7, 2021

4